

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,510-01

### EX PARTE CRAIG MERLIN WILD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 21205-A IN THE 336TH DISTRICT COURT
### FROM FANNIN COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault of a child and one count of indecency with a child by contact. He was and sentenced to life imprisonment for each of the aggravated sexual assault counts, and twenty years' imprisonment for the indecency with a child count, to run concurrently. The Sixth Court of Appeals affirmed his conviction. *Wild v. State*, No. 06-06-00124-CR (Tex. App. — Texarkana, 2007) (not designated for publication).

Applicant contends, among other things,[1] that the State presented false testimony and that his trial counsel rendered ineffective assistance for numerous reasons. Applicant alleges that the State presented testimony from a nurse claiming to be a certified sexual assault nurse examiner, but that her certification had lapsed at the time of Applicant's trial. Applicant alleges that her testimony and report were false.

With regard to his ineffective assistance of trial counsel claims, Applicant alleges that trial counsel failed to conduct an independent investigation, failed to interview witnesses, failed to secure a defense investigator or an expert witness, and failed to keep abreast of the contents of the State's file. Applicant alleges that trial counsel failed to listen to recorded telephone conversations that could have been used to impeach the State's witnesses.

Applicant alleges that trial counsel failed to require the State to designate an outcry witness, failed to request a hearing to determine the proper outcry witness, and failed to require the State to provide a summary of the outcry witness's testimony. As a result, Applicant alleges that trial counsel allowed the State to present "outcry" testimony from several witnesses, without hearsay objections. Applicant alleges that the State introduced hearsay testimony from an unqualified SANE witness who was unable to perform a physical examination of the complainant because the complainant would not allow her to do so.

Applicant alleges that trial counsel failed to investigate or challenge the testimony of the State's expert witness regarding the general behavior of people who abuse children.

Applicant also alleges that trial counsel allowed the State to introduce testimony regarding several extraneous offenses during the guilt/innocence phase without objection, and without

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

requesting instructions in the jury charge regarding extraneous offenses.

Applicant alleges that trial counsel failed to preserve error by pursuing objections to an adverse ruling. Applicant alleges that trial counsel's objection to photographs that were seen by some of the jurors was sustained, but counsel did not request an instruction to disregard, instead requesting a mistrial which was denied.

Applicant alleges in several of his grounds that trial counsel failed to object to improper statements made by the prosecutor during closing arguments.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Carolyn Ridling testified at trial that she was a certified sexual assault nurse examiner, and if so, whether her testimony was true. If the trial court finds that Ms. Ridling misrepresented her professional credentials at trial, the trial court shall make findings of fact and conclusions of law as to whether her false testimony was material such that there is a reasonable likelihood that the false testimony

affected the judgment of the jury.

The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019
Do not publish